1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

GEMMA RISER,

             Plaintiff,

   v.

CENTRAL PORTFOLIO CONTROL INC.
et al.,

           Defendants.

CASE NO. 3:21-cv-05238-LK

ORDER GRANTING DEFENDANT
TRANS UNION, LLC'S MOTION
TO STAY DISCOVERY AND
DENYING PLAINTIFF GEMMA
RISER'S MOTION FOR
SANCTIONS AND MOTION TO
CONVERT MOTION TO DISMISS
TO A RULE 56 MOTION

11
12
13
14
15
16
17
18
19
20
21
22
23

     This matter comes before the Court on Defendant Trans Union, LLC's ("Trans Union") Motion to Stay Discovery and Vacate Deadlines Pending Resolution of Trans Union, LLC's Motion for Judgment on the Pleadings ("Motion to Stay"), Dkt. No. 34, and Plaintiff Gemma Riser's ("Riser") motion to convert Trans Union's motion to dismiss into a Rule 56 motion for summary judgment ("Motion to Convert"), Dkt. No. 39. The Court also addresses Riser's request for sanctions under Federal Rule of Civil Procedure 11 made as part of her response in opposition to the Motion to Stay ("Motion for Sanctions"), Dkt. No. 37. For the reasons stated below, the

24

1    Court GRANTS Trans Union's Motion to Stay, DENIES Riser's Motion to Convert and Motion

2    for Sanctions, and VACATES the deadlines and trial date set by its prior order, Dkt. No. 25.

## I. BACKGROUND

4         This matter arises from a $2,790.37 bill for postnatal medical care that Riser incurred at St.

5    Joseph Medical Center in October 2015. Dkt. No. 1-2 at 9–11. The bill went unpaid and was sent

6    by St. Joseph to defendant Central Portfolio Control, Inc. ("CPC"), a collection agency, and then

7    reported by CPC to credit reporting agencies including Trans Union. *Id.* at 11. Riser alleges that

8    she did not owe the bill because she was covered by Washington's Medicaid plan and entitled for

9    Charity Care at the time. *Id.* at 5, 9.

10        Riser claims that Trans Union violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

11   §§ 1681–1681x, by failing to comply with FCRA's standards for reporting and investigating

12   disputed information in reporting on the unpaid bill reported to it in Riser's name. Dkt. No. 1-2 at

13   11, 24–26. Specifically, Riser alleges that Trans Union failed to delete inaccurate information in

14   her credit files after receiving actual notice of such inaccuracies, failed to conduct lawful

15   reinvestigations, failed to mark the disputed account as disputed, failed to maintain reasonable

16   procedures for evaluating disputed information, and failed to establish or follow reasonable

17   procedures to assure maximum possible accuracy in preparation of its credit reports and credit files

18   concerning Riser, violating 15 U.S.C. § 1681i and 15 U.S.C. § 1681e(b). Dkt. No. 1-2 at 24–26.

19        Trans Union moved for judgment on the pleadings under Federal Rule of Civil Procedure

20   12(c) on January 3, 2022 (the "12(c) Motion"). Dkt. No. 34. The next day, it filed the Motion to

21   Stay, seeking a stay of discovery and requesting that all case deadlines be vacated pending the

22   resolution of its 12(c) Motion. Dkt. No. 35. In her response in opposition to the Motion to Stay,

23   filed the following day on January 5, Riser included a motion for sanctions under Rule 11 against

24

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION TO STAY DISCOVERY AND
DENYING PLAINTIFF GEMMA RISER'S MOTION FOR SANCTIONS AND MOTION TO CONVERT
MOTION TO DISMISS TO A RULE 56 MOTION - 2

Trans Union on the ground that Trans Union had filed a "patently and demonstrably false pleading" with the Court. Dkt. No. 37 at 1. The next day after that, January 6, Riser filed her Motion to Convert, asking the Court to consider matters outside of the pleadings that had been introduced in the briefing on the 12(c) Motion. Dkt. No. 39. At the time that Trans Union filed the Motion to Stay, fact discovery was scheduled to close on February 28, 2022, Dkt. No. 25, but on February 25, 2022, the Court extended the deadline to March 14, 2022 at the parties' request. Dkt. No. 57.

### III. DISCUSSION

**A.    Trans Union's Motion to Stay Discovery and Vacate Future Deadlines**

In its Motion to Stay, Trans Union seeks an order staying discovery and vacating future case deadlines on the grounds that its 12(c) Motion will fully dispose of Riser's claims against Trans Union, and that Riser would not be prejudiced by a stay.[1] Dkt. No. 35 at 2. Because the 12(c) Motion is potentially dispositive of all of Riser's claims against Trans Union and because vacating future deadlines would advance the goal of efficiency for the Court and for the litigants, the Court finds good cause to vacate the future deadlines set by the Court's prior order, Dkt. No. 25. The Court's remedy is limited to vacating future deadlines; Trans Union's request for a stay of discovery is moot because discovery has closed in this action. Dkt. No. 57.

a.   <u>Legal Standard</u>

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for

---

[1] Trans Union also argues that the stay is warranted because all parties previously consented to the Motion to Stay until Riser's reversal of her consent the day before it filed the motion, and because Trans Union would be unfairly prejudiced in the absence of a stay because Riser refused to withdraw or continue her Notice of Rule 30(b)(6) Deposition of Trans Union. Dkt. No. 35-1 at 2–3. The Court does not find these arguments relevant to the Motion to Stay. First, there is no dispute between the parties that Riser did not consent to the Motion to Stay at the time of its filing. *See id.* at 2; Dkt. No. 37 at 2–3. Second, by the time the Motion to Stay was fully briefed and noted for the Court's consideration, the Rule 30(b)(6) Deposition of Trans Union had already taken place. Dkt. No. 43 at 3 ("On January 12, 2022, Plaintiff conducted her Rule 30(b)(6) deposition of Trans Union.").

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION TO STAY DISCOVERY AND DENYING PLAINTIFF GEMMA RISER'S MOTION FOR SANCTIONS AND MOTION TO CONVERT MOTION TO DISMISS TO A RULE 56 MOTION - 3

litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). This includes "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "The proponent of a stay bears the burden of establishing its need." *id.* at 708, and "if there is even a fair possibility" that the stay will damage another party, then the proponent of the stay "must make out a clear case of hardship or inequity in being required to go forward," *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

b.   A Stay is Warranted Pending this Court's Determination of Trans Union's Motion to Dismiss

In the 12(c) Motion, Trans Union argues that Riser's claims against Trans Union—which all arise under FCRA—should be dismissed because Riser fails to state a legally cognizable claim under FCRA. *See* Dkt. No. 34-1 at 2–3, 5–10. Trans Union argues, first, that Riser failed to allege that its reporting of her disputed bill was inaccurate, and second, that even if it was inaccurate, the alleged basis for her dispute amounts to a collateral attack on the legal validity of the debt, which would be insufficient to state a claim under Sections 1681i or 1681e(b) of FCRA. *Id.* at 2, 5–10. Either of these arguments, if successful, would be dispositive of Riser's claims against Trans Union. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (to support either a Section 1681e(b) or Section 1681i claim, a consumer must make a "prima facie showing of inaccurate reporting"); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (FCRA cannot be used to make a collateral attack on the legal validity of a debt).

The Court finds that it would advance the goal of efficiency for the Court and the litigants to vacate the remaining case deadlines and trial date set by its prior order, Dkt. No. 25, pending its decision on the 12(c) Motion. Vacating future deadlines will avoid burdening Riser and Trans Union with the time and expense of preparing additional dispositive motions and otherwise preparing for trial while the 12(c) Motion is still pending.

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION TO STAY DISCOVERY AND DENYING PLAINTIFF GEMMA RISER'S MOTION FOR SANCTIONS AND MOTION TO CONVERT MOTION TO DISMISS TO A RULE 56 MOTION - 4

1

**B.      Riser's Request for Sanctions**

2          In her Response to Trans Union's Motion to Stay, Riser seeks sanctions under Rule 11

3   against counsel for Trans Union in the form of revocation of her pro hac vice privileges. Riser

4   alleges that Trans Union's counsel should be subjected to sanctions because she filed a "patently

5   and demonstrabl[y] false pleading with this Court in a transparent attempt to further delay these

6   proceedings." Dkt. No. 37 at 1. Riser claims that Trans Union falsely asserted in its Motion to Stay

7   that Plaintiff had previously consented to its motion for a stay and then reversed its consent the

8   day before Trans Union filed the motion. *Id.* at 6–7. Riser asserts that, in fact, she never consented

9   to the stay, and instead objected to it numerous times, including on January 3, 2022 when Trans

10  Union made the request. *Id.* at 6; Dkt. No. 37-3 at 22 ("Plaintiff does not stipulate to stay discovery

11  to facilitate Defendant's meritless *Carvalho* motion"); *id.* at 24–25. Trans Union later informed

12  Riser that it would not make a witness available for the Rule 30(b)(6) deposition of Trans Union

13  noticed for January 12, 2022 because it had relied on Plaintiff's consent to a stay and expected the

14  Notice of Deposition to be withdrawn. Dkt. No. 37 at 7.

15         a.   Legal Standard

16         Rule 11 specifies that, by presenting a written motion or other paper to the court, an

17  attorney certifies, among other things, that "to the best of the person's knowledge, information,

18  and belief, formed after an inquiry reasonable under the circumstance," the motion is not being

19  presented for "any improper purpose," and that "the factual contentions have evidentiary support."

20  Fed. R. Civ. P. 11(b). If the court determines that Rule 11(b) has been violated, the court may

21  impose "an appropriate sanction" on the responsible party. Fed. R. Civ. P. 11(c)(1).  However, a

22  motion for sanctions must be "made separately from any other motion." Fed. R. Civ. P. 11(c)(2).

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

    b. <u>Riser's Motion Fails to Comply with the Procedural Requirements of Rule 11</u>

   Trans Union correctly notes that Riser's motion is procedurally improper because it was made as part of her response to the Motion to Stay, rather than by separate motion. Dkt. No. 41 at 8-9. Dkt. No 37 at 1; *Ortego v. Lummi Island Scenic Ests. Cmty. Club, Inc.*, 738 F. App'x 912, 916 (9th Cir. 2018) (denying a Rule 11 motion because it was incorporated into another pleading).

   Further, a motion for Rule 11 sanctions must not be filed if the challenged contention "is withdrawn or appropriately corrected within 21 days after service" on the non-movant. Fed. R. Civ. P. 11(c)(2). The purpose of the safe harbor provision is to "give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions.* A motion served after the complaint had been dismissed [does] not give [the offending party] that opportunity." *Barber v. Miller,* 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original). Thus, "[a] motion for sanctions may not be filed . . . unless there is strict compliance with Rule 11's safe harbor provision." *Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014). Here, Riser notified Trans Union of her position one day before she moved for sanctions as part of her response in opposition. Dkt. No. 37 at 7.

   Because Riser's motion was not filed separately and did not comply with the safe harbor provision, it must be denied. The Court notes, however, that Trans Union's airing of the parties' "misunderstanding" regarding a discovery stay could have been avoided. The chief concern driving Trans Union's repeated references to an alleged agreement to stay discovery was an imminent deposition that it hoped to avoid. Dkt. No. 35-1 at 5–7. But—by operation of Local Civil Rule 7(d)(2)(A)—Trans Union's motion was noted for consideration several days *after* the deposition date. Counsel are reminded that this Court expects adherence to applicable rules, *see, e.g.*, LCR 7(j), and "a high degree of professionalism and civility" from the lawyers practicing before it, *see* LCR 83.1(d).

C.      **Riser's Motion to Convert the 12(c) Motion into a Rule 56 Motion**

Riser asks the Court to convert Trans Union's 12(c) Motion into a Rule 56 motion, and then delay decision on the motion until after the close of discovery. Dkt. No. 39 at 1. Riser makes two arguments in support of this request: first, that the Court is "required by Rule 12(d)" to convert the motion because "Plaintiff's responsive briefing necessarily contain matters outside the pleadings," and second, that the 12(c) Motion was filed late enough to delay trial. *Id.* at 5–7. However, the Court is not required to convert Trans Union's motion into a Rule 56 motion, and it instead exercises its discretion to exclude matters outside of the pleadings from its evaluation of the motion.

a.    <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 12(d), if, on a motion under Rule 12(c), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Rule 12 "gives courts the discretion to accept and consider extrinsic materials offered in connection with" a Rule 12 motion. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). A district court does not abuse its discretion under Rule 12(d) when it does not consider matters that would require conversion of the motion. *Barnes v. Kris Henry, Inc.*, No. 20-17141, 2022 WL 501582, at *1 (9th Cir. Feb. 18, 2022).

b.    <u>The Court Need Not Convert the 12(c) Motion into a Rule 56 Motion Because the Court Will Exclude Consideration of Matters Outside of the Pleadings</u>

As Rule 12(d) provides, the Court may exercise its discretion to exclude those matters from its consideration of the 12(c) Motion—and will do so here. *Hamilton Materials, Inc.*, 494 F.3d at 1207; *Richfield v. Fish Food Banks of Pierce Cty.*, No. C14-5516-BHS, 2015 WL 300484, at *2 (W.D. Wash. Jan. 22, 2015) (choosing to exclude matters outside the pleadings that were presented

on a Rule 12 motion). To the extent any matters outside the pleadings have been presented in the Rule 12(c) briefing, the Court will exclude them from consideration in deciding the 12(c) Motion.

The 12(c) Motion also does not threaten to delay trial. Although it was filed nearly seven months after the last pleading was filed in this case, Dkt. No. 21, the 12(c) Motion was filed before the close of fact discovery, almost four months before the dispositive motions deadline, and almost seven months before the scheduled trial date. *See* Dkt. No. 25. A motion for judgment on the pleadings filed before the close of fact discovery, and many months in advance of trial, does not threaten to delay trial. *See, e.g.*, *Leigh v. Jewell*, No. 3:11-CV-00608-HDM, 2014 WL 31675, at *6 (D. Nev. Jan. 3, 2014) (finding a 12(c) motion timely when it was filed "just a short time before [the] matter was to be submitted for summary judgment"); 5C Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1367 (3d ed.) (April 2021 Update) ("[I]f it seems clear that the motion may effectively dispose of the case on the pleadings, the district court should permit it regardless of any possible delay consideration of the motion may cause."); *cf. U.S. Commodity Futures Trading Comm'n v. Maggio*, No. C05-5766-RJB, 2007 WL 2900180, at *6 (W.D. Wash. Oct. 1, 2007) (denying 12(c) motion as untimely because it was made two months after the close of discovery and two months before trial).

Because the Court denies Riser's request to convert the 12(c) Motion into a Rule 56 motion, it need not consider Riser's argument that it should delay consideration of a converted Rule 56 motion. *See* Dkt. No. 39 at 7–8.

## IV.  CONCLUSION

For the reasons stated above, the Court GRANTS Trans Union's Motion to Stay, DENIES Riser's Motion for Sanctions and Motion to Convert, and VACATES the deadlines and trial date

set by its prior order on July 7, 2021, Dkt. No. 25, pending its decision on the 12(c) Motion. Once the Court issues an order on the 12(c) Motion, it will reset deadlines as appropriate.

Dated this 17th day of March, 2022.

Lauren King
United States District Judge