1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEMMA RISER,

                  Plaintiff,

     v.

CENTRAL PORTFOLIO CONTROL INC.
et al.,

                  Defendants.

CASE NO. 3:21-cv-05238-LK

ORDER GRANTING DEFENDANT
TRANS UNION, LLC'S MOTION
FOR JUDGMENT ON THE
PLEADINGS

16

17

18

19

20

21

22

23

24

      This matter comes before the Court on defendant Trans Union, LLC's motion under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") for judgment on the pleadings as to plaintiff Gemma Riser's causes of action against Trans Union. Dkt. No. 34-1. For the reasons explained below, Trans Union's motion is granted.

## I.  BACKGROUND

      This matter arises from a $2,790.37 bill for medical care that Riser incurred at St. Joseph Medical Center in October 2015. Dkt. No. 1-2 at 9, 11. The debt went unpaid and was eventually sent to defendant Central Portfolio Control, Inc. ("CPC"), a collection agency, and then reported

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 1

by CPC to credit reporting agencies including Trans Union. *Id.* at 11. Riser alleges that she did not owe the bill because she was covered by Washington's Medicaid plan and entitled to coverage under a charity care program at the time. *Id.* at 5, 9. Riser disputed the debt "multiple times" beginning in May 2020. *Id.* at 5, 11. The debt was eventually discharged by St. Joseph under Washington's Charity Care Act, and it was later deleted from Riser's consumer credit reports. *Id.* at 5.

Riser claims that Trans Union violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, by failing to comply with FCRA's standards in reporting on Riser's unpaid debt. Dkt. No. 1-2 at 24–26.

Trans Union moved for judgment on the pleadings under Rule 12(c) on January 3, 2022. Dkt. No. 34. On January 6, 2022, the day after Riser filed her response to Trans Union's motion for judgment on the pleadings, she also filed a motion to convert Trans Union's motion under Rule 12(c) into a Rule 56 motion because of the introduction of matters outside the pleadings, and to delay consideration of the converted Rule 56 motion until after the conclusion of fact discovery. Dkt. No. 39 at 2. The Court denied Riser's motion to convert for reasons explained in its prior order, Dkt. No. 58, and thus excludes matters outside the pleadings from its consideration of the merits of Trans Union's motion for judgment on the pleadings—in particular, Riser's arguments based on the allegation that Trans Union failed to provide notice of Riser's dispute to CPC. *See* Dkt. No. 38 at 4, 6–7, 14–19, 21; Dkt. No. 38-1 at 2.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS - 2

1   law." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "The

2   principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of

3   filing." *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Thus, the standard for

4   evaluating a motion under Rule 12(c) is "substantially identical" to the Rule 12(b)(6) standard.

5   *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

6        When deciding a motion under the Rule 12(b)(6) standard, a court must assume the truth

7   of the complaint's factual allegations and credit all reasonable inferences arising from those

8   allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court "need not accept as

9   true conclusory allegations that are contradicted by documents referred to in the complaint."

10   *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Instead, the

11   plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."

12   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

13        On a motion to dismiss, a court "may 'generally consider only allegations contained in the

14   pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'"

15   *Manzarek*, 519 F.3d at 1030–31 (quoting *Outdoor Media Group, Inc. v. City of Beaumont*, 506

16   F.3d 895, 899 (9th Cir. 2007)). A court is permitted to take judicial notice of matters of public

17   record outside of the pleadings. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

18        Under Federal Rule of Civil Procedure 12(d), if, "on a motion under . . . 12(c), matters

19   outside the pleadings are presented to and not excluded by the court, the motion must be treated

20   as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity

21   to present all the material that is pertinent to the motion." Rule 12 "gives courts the discretion to

22   accept and consider extrinsic materials offered in connection with" a Rule 12 motion. *Hamilton*

23   *Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007); *see Richfield v. Fish*

24   *Food Banks of Pierce Cty.*, No. C14-5516-BHS, 2015 WL 300484, at *2 (W.D. Wash. Jan. 22,

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 3

1  2015) (choosing to exclude matters outside the pleadings that were presented on a Rule 12 motion).

2  A district court does not abuse its discretion under Rule 12(d) when it does not consider matters

3  that would require conversion of the motion. *See Barnes v. Kris Henry, Inc.*, No. 20-17141, 2022

4  WL 501582, at *1 (9th Cir. Feb. 18, 2022).

5  ### III.  DISCUSSION

6  **A.     Riser's Complaint Fails to State a Claim Under FCRA Section 1681e(b) or 1681i**

7  Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote

8  efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr,*

9  551 U.S. 47, 52 (2007). As a means to this end, the Act sought to make "consumer reporting

10 agencies [or "CRAs"] exercise their grave responsibilities [in assembling and evaluating

11 consumers' credit, and disseminating information about consumers' credit] with fairness,

12 impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). Whenever

13 a CRA prepares a consumer report, the FCRA requires it to "follow reasonable procedures to

14 assure maximum possible accuracy of the information concerning the individual about whom the

15 report relates." *Id.* § 1681e(b).

16 If a consumer disputes the "completeness or accuracy of any item of information contained

17 in a consumer's file at a [CRA]," FCRA Section 1681i requires the CRA to "conduct a reasonable

18 reinvestigation to determine whether the disputed information is inaccurate" within 30 days of

19 receiving notice of the dispute. *Id.* § 1681i(a)(1)(A). Several other deadlines are triggered by this

20 notice. Within five business days of receiving notice, the CRA must provide notification of the

21 dispute to the entity that furnished the information to the CRA (the "furnisher") and include "all

22 relevant information regarding the dispute" that was received from the consumer. *Id.* §

23 1681i(a)(2)(A). If the consumer provides additional relevant information to the CRA after this

24 initial five-business-day period, the CRA must also "promptly" provide the furnisher with that

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS - 4

1   information. *Id.* § 1681i(a)(2)(B). Before the end of the 30-day period, the CRA must "record the

2   current status of the disputed information, or delete the item from the file." *Id.* § 1681i(a)(1)(A).

3   If an item is inaccurate, incomplete, or unverifiable, the CRA is required to either delete or modify

4   the item and "promptly" notify the furnisher of the changes. *Id.* § 1681i(a)(5)(A). Unless there are

5   "reasonable grounds to believe that [the consumer's dispute] is frivolous or irrelevant," the CRA

6   must clearly note that the information in question is disputed by the consumer in any subsequent

7   consumer report. *Id.* § 1681i(c).

8          To sustain either a Section 1681e or a Section 1681i claim based on inaccuracy, a consumer

9   must first "make a 'prima facie showing of inaccurate reporting' by the CRA." *Shaw v. Experian*

10  *Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Carvalho v. Equifax Info. Servs., LLC*,

11  629 F.3d 890 (9th Cir. 2010)). Information is inaccurate for purposes of Sections 1681e and 1681i

12  where it is either "'patently incorrect' or is 'misleading in such a way and to such an extent that it

13  can be expected to adversely affect credit decisions.'" *Id.* (quoting *Gorman v. Wolpoff &*

14  *Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

15         Riser alleges that Trans Union violated Sections 1681i and 1681e(b) by failing to delete

16  inaccurate information in her credit files after receiving actual notice of such inaccuracies, failing

17  to conduct lawful reinvestigations, failing to mark the disputed account as disputed, failing to

18  maintain reasonable procedures for evaluating disputed information, and failing to establish or

19  follow reasonable procedures to assure maximum possible accuracy in preparation of its credit

20  reports and credit files concerning Riser. *Id.* at 24–26. There is no material dispute between the

21  parties as to the underlying facts. Both parties acknowledge that Riser received maternal care at

22  St. Joseph Medical Center in 2015, resulting in a bill for $2,790.37, and that she believes the bill

23  should have been paid either by Medicaid or by charity care provided under Washington's Charity

24  Care Act. Dkt. No. 1-2 at 9–11; Dkt. No. 34-1 at 3; Dkt. No. 38 at 12–13. Riser disputed the debt

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 5

1    in May 2020 by informing Trans Union that she was insured by Medicaid at the time she received

2    the medical services that form the basis of the debt. Dkt. No. 1-2 at 11.

3         Relying on the Ninth Circuit's decision in *Carvalho*, Trans Union argues that Riser fails to

4    state a claim against it because she fails to make a prima facie case that its reporting was inaccurate,

5    or in the alternative, even if the reporting was inaccurate, Riser's dispute turns on the legal validity

6    of the debt, and the FCRA does not require Trans Union to resolve such a dispute. Dkt. No. 34-1

7    at 5–10.

8         In *Carvalho*, the plaintiff alleged that CRAs violated the California Consumer Credit

9    Reporting Agencies Act (a law that is substantially based on the FCRA) by reporting a medical

10   bill that she had not paid. 629 F.3d at 881–83. Although the debt was technically accurate, the

11   plaintiff contended that it was legally invalid because her insurer was obligated to pay it, and her

12   medical provider had not taken the proper steps to bill her insurer. *Id.* at 882–83, 891. The crux of

13   the plaintiff's argument, therefore, was not that the information reported was inaccurate, but rather

14   that it was "misleading because she was not legally obligated to pay [the medical provider] until

15   [it] had properly billed her insurer." *Id.* at 891. The Ninth Circuit observed that "[t]he fundamental

16   flaw in [the plaintiff's] conception of the reinvestigation duty is that credit reporting agencies are

17   not tribunals"; "[t]hey simply collect and report information furnished by others," and "are ill

18   equipped to adjudicate contract disputes." *Id.* Because CRAs are not required as part of their

19   reinvestigation duties to provide a legal opinion on the merits, "reinvestigation claims are not the

20   proper vehicle for collaterally attacking the legal validity of consumer debts." *Id.* at 892. The Ninth

21   Circuit accordingly held that the plaintiff had failed to establish that the CRAs inaccurately

22   reported her debt. *Id.*

23        Riser's claim meets the same fate here. Like the plaintiff in *Carvalho*, Riser "does not

24   contend that the [account] does not pertain to her, that the amount past due is too high or low, or

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 6

that any of the listed dates are wrong." *Id.* at 891.[1] Instead, as in *Carvalho*, Riser argues that she

was not legally obligated to pay the debt: "Medicaid laws and Washington's Charity Care Act

prevented the provider from ever holding Plaintiff personally liable on the account." Dkt. No. 38

at 13; *see also id.* at 12 ("It is black-letter law that collection agencies cannot collect Medicaid

accounts, even if Medicaid fails to pay." (citing 42 C.F.R. § 447.15; Wash. Admin. Code § 182-

502-0160(3))). But Trans Union was not obligated to "undertak[e] a searching inquiry into the

consumer's legal defenses to payment." *Carvalho*, 629 F.3d at 891. "Indeed, determining whether

the consumer has a valid defense is a question for a court to resolve in a suit against the creditor,

not a job imposed upon consumer reporting agencies by the FCRA." *Id.* at 892 (cleaned up).

Riser argues that the facts of this case are distinguishable from those in *Carvalho* because

Riser was covered by Medicaid when she received the relevant medical services, whereas in

*Carvalho*, the plaintiff was covered by private insurance. Dkt. No. 38 at 19–20. But the type of

insurance coverage at issue does not suffice to distinguish *Carvalho*. The thrust of the argument is

the same: because the provider failed to properly bill the insurer and the plaintiff was not legally

obligated to pay the debt, the CRA was not within its rights to report a technically accurate debt.

The fact that Riser's legal defense is premised on statutes and a consent decree rather than on a

contract as in *Carvalho* does not make it any less susceptible to *Carvalho*'s holding that CRAs are

not required "not to report any information about the disputed item simply because the consumer

asserts a legal defense." *Carvalho*, 629 F.3d at 892; *see* Dkt. No. 38 at 19–20 (arguing that Riser

---

[1] In her complaint, Riser avers that "[t]he Credit Reporting Agencies communicated [her] disputes to [Central Portfolio Control, Inc.]," and the reason Trans Union "refused to remove the erroneous accounts from [her] credit reports" was because the furnisher (Central Portfolio Control, Inc.) "affirmed the erroneous medical debts." Dkt. No. 1-2 at 12. She now contends that "TransUnion either failed or refused to communicate Plaintiff's dispute to Central Portfolio." Dkt. No. 38-1 at 2; *see also* Dkt. No. 38 at 4, 7, 9, 14–19. Riser may not amend her pleading via her response brief. *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also Fairhaven Health, LLC v. BioOrigyn, LLC*, No. C19-1860-RAJ, 2020 WL 5630473, at *10 (W.D. Wash. Sept. 21, 2020). The Court addresses leave to amend in the following section.

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 7

1  "never entered an agreement to be held personally liable" because "[s]uch an agreement would

2  violate Medicaid laws," and "never waived her rights under Washington's Charity Care Act").

3      Because Riser has failed to establish an element of a prima facie reinvestigation claim—

4  inaccuracy—her complaint fails to state a claim against Trans Union under FCRA Sections

5  1681e(b) and 1681(i).

6  **B.      Amendment of the Complaint Would be Futile**

7      "In dismissals for failure to state a claim, a district court should grant leave to amend even

8  if no request to amend the pleading was made, unless it determines that the pleading could not

9  possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. California

10  Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

11     Riser's opposition brief relies on newly alleged facts that contradict allegations in her

12  complaint. She now argues that Trans Union failed to report her dispute to CPC, the furnisher of

13  the disputed information. *Compare* Dkt. No. 38 at 4, 7, 9, 14–19, *with* Dkt. No. 1-2 at 12. And she

14  contends that as a result of Trans Union's failure to report her dispute to the furnisher as required

15  by the FCRA, her disputed account remained on Trans Union's credit report for longer than it

16  would have had Trans Union timely reported the dispute. Dkt. No. 38 at 4, 9, 17. As previously

17  noted, Riser may not amend her complaint via her response brief.

18     Trans Union argues that the Court should not permit amendment of the complaint because

19  amendment would be futile. Dkt. No. 34-1 at 10. The Court agrees.

20     In the absence of a prima facie case of inaccuracy, Riser cannot state a claim under Sections

21  1681e(b) or 1681i. *Shaw*, 891 F.3d at 756; *Sustrik v. Equifax Info. Servs., LLC*, 812 F. App'x 727,

22  728 (9th Cir. 2020) ("FCRA's reinvestigation provision, 15 U.S.C. § 1681i, . . . require[s] that an

23  actual inaccuracy exist for a plaintiff to state a claim." (quoting *Carvalho*, 629 F.3d at 890)).

24  Although Riser argues that *Carvalho*'s holding does not apply in cases involving violation of the

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 8

1   notice provision, she does not cite any dispositive authority that supports this argument. Indeed,

2   the argument is contrary to the plain language of Ninth Circuit cases finding that a prima facie case

3   of inaccuracy is required to state a reinvestigation claim under 1681i and 1681e. *See also Saunders*

4   *v. Equifax Info. Servs. LLC*, No. 16-CV-00525-LY, 2017 WL 3940942, at *6 (W.D. Tex. Aug. 3,

5   2017), *aff'd sub nom. Ostiguy v. Equifax Info. Servs., L.L.C.*, 738 F. App'x 281 (5th Cir. 2018)

6   ("The threshold requirement of section 1681i(a)—that a credit report be inaccurate to state a

7   plausible claim to relief—still holds true [where a CRA has failed to send notification of a dispute

8   to furnishers.]"). Thus, the Court grants Trans Union's motion for judgment on the pleadings

9   without leave to amend.

10                                          **IV.  CONCLUSION**

11          Reading the facts of this case is truly disheartening. The Court sympathizes with Riser,

12   who suffered a frustrating and difficult situation with her credit report. However, as the Ninth

13   Circuit has noted, a consumer disputing the validity of a debt should take that issue up with the

14   source of the confusion or the furnisher, and the failure to do so is "no fault of the" credit reporting

15   agency. *Carvalho,* 629 F.3d at 892. Accordingly, the Court must find in favor of Trans Union.

16          Trans Union's motion for judgment on the pleadings is GRANTED. Because the other

17   defendants named in the complaint's fifth and sixth causes of action have already been dismissed

18   from the case, Dkt. Nos. 23, 51, those causes of action are DISMISSED.

19          Dated this 21st day of June, 2022.

20

21                                                                   Lauren King
                                                                     United States District Judge

22

23

24

ORDER GRANTING DEFENDANT TRANS UNION, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 9