UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEMMA RISER,<br><br>            Plaintiff,<br>     v.<br><br>CENTRAL PORTFOLIO CONTROL INC. et al.,<br><br>            Defendants. | CASE NO. 3:21-cv-05238-LK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff Gemma Riser's motion for reconsideration and motion to amend her complaint. Dkt. Nos. 72, 73. The Court denies both motions.

I.     DISCUSSION

A.     **Motion for Reconsideration**

Motions for reconsideration are disfavored, and the Court will ordinarily deny them unless the moving party shows "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Such motions are not intended to "provide litigants with a second bite at the apple," and

they should therefore not be used to "ask a court to rethink what the court had already thought through[.]" *Barton v. LeadPoint Inc.*, No. C21-5372-BHS, 2022 WL 293135, at *1 (W.D. Wash. Feb. 1, 2022).

Riser argues that the Court's order granting Trans Union's motion for judgment on the pleadings, Dkt. No. 71, conflicts with the Ninth Circuit's decision in *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246 (9th Cir. 2022). Dkt. No. 72 at 8. *Gross* was decided approximately one month before this Court issued its order. According to Riser, *Gross* "contain[s] the dispositive authority that this Court noted was missing from Plaintiff's briefing"—authority that credit reporting agencies ("CRAs") "can be held liable for failing to conduct a reasonable reinvestigation of a consumer's dispute, even when the issue involves documents of *legal* significance, as was the case here." *Id.* at 3, 7 (emphasis in original).

Riser's arguments run headfirst into two problems. First, *Gross* was about furnishers, not CRAs. Second, nothing in *Gross* uproots *Carvalho* in a manner requiring reconsideration here.

Not only did the Ninth Circuit reiterate in *Gross* that "the reasonableness of the investigation is not in play" if a plaintiff fails to first make a prima facie showing of inaccuracy, it emphasized that "a furnisher's investigatory obligations will often be more extensive and more thorough" than a CRA's investigatory obligations, to the extent that "FCRA will sometimes require furnishers to investigate, and even to highlight or resolve, questions of legal significance." 33 F.4th at 1251, 1253; *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (a furnisher "stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009))). In contrast, CRAs "are third parties that 'lack[] any direct relationship with the consumer,' so they must rely on the representations of the furnishers who usually own the debt." *Gross*, 33 F.4th at 1253 (quoting *Gorman*, 584 F.3d at 1156).

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO AMEND COMPLAINT - 2

The Ninth Circuit further explained that "FCRA does not categorically exempt legal issues from the investigations that *furnishers* must conduct," but even assuming the same logic applied to *CRAs*,[1] it does not excuse a plaintiff from having to clear the first hurdle: inaccuracy. *Id.* (emphasis added). For a report to be inaccurate, it must be "patently incorrect or materially misleading" such that a CRA would not have to undertake an unduly burdensome inquiry into the consumer's legal defenses to identify the inaccuracy. *Carvalho*, 629 F.3d at 890–92; *see also id.* at 892 ("A CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits."). And while "[t]he distinction between 'legal' and 'factual' issues is ambiguous," *Gross*, 33 F.4th at 1253, this Court has already held that Riser's dispute falls outside that grey area. "[A]s in *Carvalho*, Riser argues that she was not legally obligated to pay the debt" because Medicaid laws and Washington's Charity Care Act prevented it, and "Trans Union was not obligated to undertake [that] searching inquiry[.]" Dkt. No. 71 at 7 (cleaned up); *see also id.* at 6–7 ("Riser 'does not contend that the [account] does not pertain to her, that the amount past due is too high or low, or that any of the listed dates are wrong.'" (quoting *Carvalho*, 629 F.3d at 891)). Riser's arguments regarding the reasonableness of Trans Union's investigation therefore jump the gun, because absent a showing of inaccuracy, she cannot make it past the starting block. *Gross*, 33 F.4th at 1251 ("[B]efore a court considers the reasonableness of the agency's procedures, the consumer must make a 'prima facie showing' of inaccuracy in the agency's reporting." (quoting *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018))). For these reasons, her motion for reconsideration is denied.

---

[1] The Court does not read *Carvalho* to excuse CRAs from conducting a reasonable reinvestigation of a consumer's dispute whenever it involves documents of legal significance, as Riser seems to suggest. For example, *Carvalho* cites favorably the First Circuit's observation in *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) that a plaintiff would have grounds for a potential FCRA claim if a court had ruled his debt invalid and a CRA had continued to report it as a valid debt. *Carvalho*, 629 F.3d at 891–92. *Carvalho* therefore does not draw the line based on a factual-legal distinction, but rather on whether the inaccuracy is sufficiently incorrect or misleading so as not to require an unduly burdensome inquiry to identify it.

B.  **Motion to Amend Complaint**

When a party seeks to amend its complaint, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Although the "general rule" is that leave to amend should be "freely given when justice so requires," when "the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see* Fed. R. Civ. P. 15(a)(2).

Riser seeks to amend her complaint by replacing her factual allegation that "TransUnion notified Central [Portfolio Control, Inc.] about Plaintiff's disputes" with an allegation that such notice was *not* provided. Dkt. No. 73 at 3. Riser explains that amendment is necessary for the same reason reconsideration is warranted: "to reconcile the *Gross* holding with this Court's Order of Dismissal," which "conflicts with and effectively nullifies the *Gross* holding." Dkt. No. 73 at 5–6. For the same reasons the Court denies reconsideration, it denies Riser's motion to amend. Because Riser has failed to make a prima facie case of inaccuracy, her proposed amendment would be futile. *Sustrik v. Equifax Info. Servs., LLC*, 812 F. App'x 727, 728 (9th Cir. 2020) ("FCRA's reinvestigation provision, 15 U.S.C. § 1681i, . . . require[s] that an actual inaccuracy exist for a plaintiff to state a claim." (quoting *Carvalho*, 629 F.3d at 890)); *Gross*, 33 F.4th at 1251 ("[I]f there is no inaccuracy, then the reasonableness of the investigation is not in play[.]").[2]

---

[2] The thrust of Riser's argument is not lost on the Court. Under *Gross* and *Carvalho*, it seems that the same "inaccuracy" that could require a *furnisher* to "investigate, and even to highlight or resolve, questions of legal significance" would not necessarily require the same of a *CRA* because the furnisher has "more extensive and more thorough" investigatory obligations than a CRA. *Gross*, 33 F.4th at 1253; *see Carvalho*, 629 F.3d at 891. To the extent this is the case, it appears to pose at least two potential problems.

## II.     CONCLUSION

For the foregoing reasons, the Court DENIES Riser's motion for reconsideration and motion to amend the complaint, Dkt. Nos. 72, 73.

Dated this 31st day of March, 2023.

*Lauren King*

Lauren King
United States District Judge

---

First, this approach seems to incorporate the reasonableness inquiry into the inaccuracy question: whether the plaintiff can make the threshold showing of "inaccuracy" depends on whether it would be reasonable to investigate it, and what may be reasonable for a furnisher to investigate may *not* be reasonable for a CRA. But the meaning of "inaccurate" should be the same for both CRAs and furnishers if courts are to "adhere to the maxim of statutory construction that similar terms appearing in different sections of a statute should receive the same interpretation." *Carvalho*, 629 F.3d at 890 (cleaned up).

Second, although the Ninth Circuit has directed that "a consumer who disputes the legal validity of an obligation should do so directly at the furnisher level," *id.* at 892, "notice of a dispute received directly from the consumer does not trigger furnishers' duties under [15 U.S.C. § 1681s-2](b)," *Gorman*, 584 F.3d at 1154. Instead, a furnisher's duties—and a consumer's private right of action against it—arise under that section "only after the furnisher receives notice of dispute from a CRA," *id.* at 1154, 1162. In other words, if it is true that the same "inaccuracy" may require furnishers but not CRAs to investigate questions of legal significance, a consumer who raises such a question with a CRA (1) could not state a claim against the *CRA* for failure to notify the furnisher (because she could not establish "inaccuracy" as to the CRA) and (2) could not state a claim against the *furnisher* because (i) the CRA never notified it of the dispute and (ii) direct notice of the dispute from the consumer to the furnisher does not trigger investigatory duties.

The Court need not decide whether this is indeed the case, because—as the Court has explained—Riser's claim against Trans Union, whether amended or not, remains on all fours with *Carvalho*.